# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-00215-CR-RK |
| PATRICK MICHAEL DINGLE, | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND MOTION FOR BILL OF PARTICULARS

Before the Court are Defendant Patrick M. Dingle's objections (Doc. 62) to the Report and Recommendation of Chief United States Magistrate Judge John T. Maughmer (Doc. 57), who has recommended denying Defendant's Motion to Dismiss Count One (Doc. 27), Motion to Dismiss Counts Two Through Ten (Doc. 29), Motion for Bill of Particulars (Doc. 32), and Motion to Dismiss Counts Eleven and Twelve (Doc. 37). After careful consideration, the Court fully adopts the Report and Recommendation, and Defendant's Motions to Dismiss Counts One Through Twelve and Motion for Bill of Particulars are denied.

Defendant objects to the Report and Recommendation on the basis that "the Indictment fails to identify which federal law or laws [Defendant's] conduct violated," rendering it "inadequate to properly inform [him] of the 'charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial.'" (Doc. 62). Defendant additionally objects on the grounds that his Motion for Bill of Particulars is not an attempt at discovery or evidence, but rather "seeks only to be informed of the laws Defendant allegedly violated that form the basis for the allegations of wire fraud." (Doc. 62).

The Court disagrees. As to Defendant's Motions to Dismiss, Judge Maughmer noted that the standard for determining the sufficiency of an indictment is as follows:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted). Judge Maughmer further noted, "It is not necessary, however, 'for a particular word or phrase [to] appear in the indictment

when the element is alleged "in a form" [that] substantially states the element.'" (Doc. 57 (quoting *United States v. Mallen*, 843 F.2dc 1096, 1102 (8th Cir. 1988)). As such, Judge Maughmer found, and the Court agrees, that Count One of the Indictment sufficiently states all the essential elements of a wire fraud conspiracy conviction under 18 U.S.C. § 1349; that Counts Two Through Ten of the Indictment sufficiently incorporates by reference all the essential elements of wire fraud under 18 U.S.C. § 1343; and that Counts Eleven and Twelve of the Indictment sufficiently states all the essential elements of money laundering under 18 U.S.C. § 1957.

Furthermore, because a bill of particulars is not required when an indictment sufficiently informs the defendant of the charges against him, *see United States v. Matlock*, 675 F.2d 981 (8th Cir. 1982), the Court finds a bill of particulars unnecessary in this case. The Court is not persuaded by Defendant's argument that the Indictment must include a more detailed explanation of why the Government believes he "controlled" the relevant companies, complete with specific citations to statutes and regulations, in order to be fairly informed of the charges against him.

Accordingly, it is hereby **ORDERED** that Defendant's objections are **OVERRULED**; Judge Maughmer's Report and Recommendation (Doc. 57) is **ADOPTED**; and Defendant's Motions to Dismiss Counts One Through Twelve (Docs. 27, 29, 37) and Motion for Bill of Particulars (Doc. 32) are **DENIED**.

**IT IS SO ORDERED.**

                                                    s/ Roseann A. Ketchmark
                                                   ROSEANN A. KETCHMARK, JUDGE
                                                   UNITED STATES DISTRICT COURT

DATED: July 16, 2020