ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK MICHAEL DINGLE,
a/k/a Michael Patrick Dingle,

    Defendant.

Case No. 19-CR-00215

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, Acting United States Attorney and Paul S. Becker, Assistant United States Attorney, and the defendant, Michael Patrick Dingle ("the defendant"), represented by Melanie S. Morgan and Thomas M. Bradshaw.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to waive indictment and plead guilty to an Information charging him with a violation of 18 U.S.C. § 371, conspiracy to commit wire fraud and major program fraud. By entering into this plea agreement, the defendant admits that

he knowingly committed this offense, and is in fact guilty of this offense. The defendant further admits the forfeiture allegation contained in the Information. However, the defendant and the government do not agree on the amount of the forfeiture. Additionally, this agreement is a global resolution of this criminal case and the criminal tax case referenced in paragraph 6(g) and the civil forfeiture cases referenced in paragraph 6(j).

3. **<u>Factual Basis for Guilty Plea.</u>** The parties agree that the facts constituting the offense to which he is pleading guilty are as follows:

> Between September 2009 and March 2018, the defendant, Michael P. Dingle, participated in a conspiracy to fraudulently obtain contracts and money set aside by the federal government for award to small businesses including but not limited to contracts set aside specifically for award to small businesses owned and controlled by veterans, service-disabled veterans (SDVs) and certified minorities. Michael P. Dingle was not a certified minority or a veteran. The defendant, Matthew C. McPherson, Matthew L. Torgeson, and their respective business entities participated in and profited from the conspiracy with the defendant.
>
> Zieson Construction Company (Zieson) was formed on about July 9, 2009, with Stephon Ziegler (Ziegler) and Matthew L. Torgeson as the owners. The defendant, Michael P. Dingle, was operations manager of Zieson. Ziegler was an African American SDV. Subsequently Ziegler became the sole owner of Zieson. Zieson's primary business was obtained through federal construction contracts set aside for award to small businesses owned and controlled by SDVs or certified minorities. Zieson had an office at 2901 Platte Road, Riverside, Missouri, in the Western District of Missouri, until about March 2015. Thereafter, Zieson had its office at 1601 Iron Street, Kansas City, Missouri, in the Western District of Missouri. That building was owned by a LLC controlled by Michael P. Dingle, Matthew C. McPherson, Matthew L. Torgeson and their entities.
>
> The United States Small Business Administration's (SBA) 8(a) program was a development program created to help small, disadvantaged businesses owned and controlled by socially and economically disadvantaged individuals gain a foothold in government contracting. In addition to the SBA 8(a) program, the United States Government set aside some government contracts for award to SDV-owned small businesses (SDVOSBs). In order to qualify for 8(a) or SDVOSB contracts, the recipient business had to be small as determined by

2

the government; it had to be owned by a minority or SDV owner; and the minority or SDV owner had to control the day-to-day operations and long-term decision making of the recipient business.

Zieson was a certified 8(a) business using Ziegler's status as an 8(a) certified minority. Zieson was also certified to compete for SDVOSB contracts using Ziegler's status as an SDV. However, Ziegler did not control the day-to-day operations or the long-term decision making of Zieson. Michael P. Dingle, Matthew C. McPherson (McPherson), Matthew L. Torgeson (Torgeson), and their entities controlled and operated Zieson, and combined they received most of the profits from Zieson. Michael P. Dingle, McPherson and Torgeson were not eligible for 8(a) or SDV set-aside contracts because they were not certified minorities or veterans. Zieson was not eligible for small business contracts because Michael P. Dingle, McPherson, Torgeson and their entities' collective operation and control of Zieson was not disclosed.

Ziegler signed Zieson checks when requested to do so, signed bids for government jobs when requested to do so and served as a courier of checks and invoices when requested to do so. Ziegler did not participate in any way in the management and control of either day-to-day operations or long-term decision-making for Zieson.

On or about June 18, 2015, the defendant Michael P. Dingle caused Zieson to submit a bid for Army Contract W9127S-14-D-6002-0007, an 8(a) small business set-aside contract, knowing that Ziegler did not control the day-to-day operations of Zieson. The contract was awarded to Zieson. On November 8, 2016, a wire transfer of $1,253,522.20 was sent from U.S. Army, Millington, Tennessee, to the Zieson bank account in Platte City, Missouri.

Between 2009 and 2018, Zieson was awarded approximately 199 federal contracts set aside for award to small businesses, minority-owned small businesses and veteran-owned small businesses for which the Government paid Zieson approximately $335 million, which included contract work in the Western District of Missouri. Several of the set-aside contracts awarded to Zieson were valued in excess of $1,000,000, including an SDVOSB contract at Topeka, Kansas, awarded on or about July 13, 2012, valued at approximately $4,125,800, and on or about September 22, 2009, Zieson was awarded a Small Business contract at Fort Leonard Wood, Missouri, in the Western District of Missouri, valued at $11,156,486.

Defendant Michael P. Dingle, McPherson, Torgeson, and others known and unknown to the United States Attorney, submitted and caused to be submitted, false and fraudulent Past Performance Questionnaires (PPQs) in support of Zieson bids for set aside contracts. The PPQs falsely stated past successful performance by Zieson.

3

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon his plea of guilty to Count One of the Information charging him with conspiring to violate the laws of the United States, the maximum penalty the Court may impose is not more than five years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that the offense is a Class D felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable."

    b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.

    c. In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to three years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed.

d. If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed three years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release.

e. The Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range.

f. Any sentence of imprisonment imposed by the Court will not allow for parole.

g. The parties agree that disposition in this case, the related civil forfeiture matters, and in *United States v. Patrick Michael Dingle*, Case No. 19-CR-06002-RK globally resolve all pending criminal matters between the defendant and the United States Attorney's Office for the Western District of Missouri. The defendant may request that the sentences in these two cases run concurrently and the United States will not oppose that request. The Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office.

h. The defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

i. The defendant understands that, upon sentencing, the United States Attorney's Office for the Western District of Missouri will report his conviction to the Department of Justice's Bureau of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management of the General Services Administration. The defendant understands that 10 U.S.C. § 2408 provides for a mandatory term of debarment of at least five years, which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security. The defendant understands that he also may be subject to administrative action by other federal or state agencies, based upon conviction resulting from the Plea Agreement and upon grounds other than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. The defendant nevertheless affirms that the wants to plead guilty regardless of the debarment or administrative action consequences of his plea. Therefore, the defendant waives any and all challenges to his guilty plea and to his sentence based on the debarment or administrative action consequences of his plea, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral

5

attack challenging his guilty plea, conviction, or sentence based on such consequences of his guilty plea. The United States Attorney's Office for the Western District of Missouri agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action that it takes no position as to the defendant resuming employment in the construction industry or with any government contractor at the earliest opportunity, subject only to the limitations which may arise as a result of the sentence in this matter.

j. The defendant agrees that the Government has instituted forfeiture proceedings against forfeitable assets in which the defendant may have an interest, and that he will not contest any such forfeiture proceedings nor will he assist any other party in falsely contesting such forfeiture. The defendant also agrees to fully and completely assist the United States in the recovery and forfeiture of all such forfeitable assets. The defendant agrees that he will withdraw his claims and that he will not persist in contesting forfeiture in the matters of *United States v. Real Property Located at 6513 Ridge Road, Parkville, Missouri 64152, et al*, Case No. 18-6028-CV-SJ-BCW and *United States v. $470,558.94 seized from Platte Valley Bank Account No. xxxx2121 in the Name of Zieson Construction Company, LLC, et al*, Case No. 18-06112-CV-SJ-BCW, filed in the St. Joseph Division of the Western District of Missouri. The United States agrees that the defendant will receive credit against any criminal money judgment imposed by this Court in this case for the net forfeited value of all assets the defendant claimed in the two pending civil forfeiture cases, except that the defendant is entitled to credit for only one-third of the funds forfeited from the TDM Holdings account and is not entitled to credit for funds forfeited from Zieson Construction Company, LLC accounts that are subject to forfeiture in *United States v. $470,558.94 seized from Platte Valley Bank Account No. xxxx2121 in the Name of Zieson Construction Company, LLC, et al*, Case No. 18-06112-CV-SJ-BCW. In the event that the Court determines that the amount of the forfeiture is less than the value of the seized assets, the remaining balance will be remitted to the defendant.

k. The United States and the defendant agree to take all necessary steps to comply with the forfeiture matters set forth herein before his sentencing.

l. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of forfeitable assets and restitution.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to Zieson and Simcon obtaining federal set-aside contracts by fraud for which it has venue

6

and which arose out of the defendant's conduct described above. Additionally, the United States Attorney's Office for the Western District of Missouri agrees to dismiss at sentencing the indictment pending against the defendant in Case Number 19-00215-01-CR-W-RK.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charge and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to

7

correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his pleas of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

    b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2B1.1, which provides for a base offense level of 6;

    c. The parties agree that the loss amount was more than $9,500,000 and less than $25,000,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(K), which increases the

offense level by 20; and that the offense involved sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(10)(C), which increases the offense level by two;

      d. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(a) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

      e. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

      f. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

      g. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range. The defendant may request a sentence below the guidelines. The agreement by the United States to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

      h. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the Indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

9

i. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

   a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

   b. comment on the evidence supporting the charges in the Information;

   c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

   d. oppose any post-conviction motions for reduction of sentence, or other relief.

10

**14. Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against him;

    e. the right to compel or subpoena witnesses to appear on his behalf; and

    f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15. Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

11

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

b. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied any restitution order or fine in full.

c. Within 10 days of the execution of this plea agreement, or at a later date as agreed to by the parties, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

d. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

g. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

h. In the event the United States learns of any knowing misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13

**19. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him/ in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**20. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

21. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Teresa A. Moore
Acting United States Attorney

Dated: 9/13/2021

Paul S. Becker
Assistant United States Attorney

I have consulted with my attorneys and fully understand all of my rights with respect to the offenses charged in the Information. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated: 9/13/2021

Michael Patrick Dingle
Defendant

15

We are defendant Michael Patrick Dingle's attorneys. We have fully explained to him his rights with respect to the offenses charged in the Information. Further, we have reviewed with him the provisions of the Sentencing Guidelines that might apply in this case. We have carefully reviewed every part of this plea agreement with him. To our knowledge, Michael Patrick Dingle's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 9/13/2021

*Melanie S. Morgan*
Melanie S. Morgan
Attorney for Defendant

Dated: 9/13/2021

*Thomas M. Bradshaw*
Thomas M. Bradshaw
Attorney for Defendant